IN THE UNITED STATES DISTRICT COURT FOR THE
WESTERN DISTRICT OF OKLAHOMA

DARRELL LEE COOTS,           )
                             )
        Petitioner,          )
                             )
                             )    CIV-13-835-M
v.                           )
                             )
H. A. RIOS, JR., Warden,     )
                             )
        Respondent.          )

REPORT AND RECOMMENDATION

Petitioner, a state prisoner appearing with counsel, has filed this Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254. Petitioner is challenging the conviction for Rape in the First Degree entered against him in the District Court of Washita County, Oklahoma, Case No. CF-2009-114. Respondent has responded to the Petition and filed the relevant state court records, including the transcript of Petitioner's trial (hereinafter "TR__"). The matter has been referred to the undersigned Magistrate Judge for initial proceedings consistent with 28 U.S.C. § 636(b)(1)(B). For the following reasons, it is recommended that the Petition be denied.

I. Background

Petitioner was convicted in a jury trial conducted on April 12-13, 2011, of the offense of Rape in the First Degree involving his minor son. Consistent with the jury's

1

recommendation, Petitioner was sentenced to a 25-year term of imprisonment.

Petitioner appealed the conviction and argued that the trial court erred in failing to remove a prospective juror who was statutorily ineligible to serve on the jury. Response, Ex. 1 (Brief of Appellant). Petitioner also asserted that the trial court erred in refusing to excuse a prospective juror for cause where it was clear that the juror would not consider the full range of punishment. Id.

In a summary opinion issued May 11, 2012, the Oklahoma Court of Criminal Appeals ("OCCA") rejected the Petitioner's claims and affirmed the judgment and sentence. Response, Ex. 3 (Coots v. State, No. F-2011-416 (Okla. Crim. App. 2012)(unpublished op.). With respect to Petitioner's second proposition, the OCCA relied on state law, stating that "[i]n a non-capital case, Oklahoma law does not require a prospective juror to agree in *voir dire* to consider every possible penalty within the range of punishment." Id. at 2. Although "[a] prospective non-capital juror's opinions about potential penalties *within* the range of punishment may suggest a peremptory challenge," the court held that "it does not provide grounds to challenge for cause under the constitution or statutes. The trial court properly denied [Petitioner's] challenge for cause." Id. at 2-3.

II. Standard of Review

Under the Antiterrorism and Effective Death Penalty Act ("AEDPA"), a federal court cannot grant habeas relief unless the (1) state court decision was "contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States," or (2) "was based on an unreasonable determination of the facts

2

in light of the evidence presented in the State court proceeding." 28 U.S.C. § 2254(d). The AEDPA directs courts to "ensure a level of 'deference to the determinations of state courts,' provided those determinations did not conflict with federal law or apply federal law in an unreasonable way." Williams v. Taylor, 529 U.S. 362, 386 (2000)(quoting H. R. Conf. Rep. No. 104-518, p. 111 (1996)).

A state court decision is "contrary to" established Supreme Court precedent if the state court either (1) reached a conclusion that contradicts governing Supreme Court precedent or (2) reached a conclusion different from the Supreme Court on materially indistinguishable facts. Id. at 405-406, 413. A state court decision involves an "unreasonable application" of Supreme Court precedent if the state court "applies [the Supreme] Court's precedents to the facts in an objectively unreasonable manner." Brown v. Payton, 544 U.S. 133, 141 (2005); Williams, 529 U.S. at 407. See Price v. Vincent, 538 U.S. 634, 640-641 (2003). Under this deferential standard, "a federal habeas court may not issue the writ simply because that court concludes in its independent judgment that the relevant state-court decision applied clearly established federal law erroneously or incorrectly." Renico v. Lett, 559 U.S. 766, 773 (2010)(internal quotations and citation omitted).

"[W]hether a state court's decision was unreasonable must be assessed in light of the record the [state appellate] court had before it." Holland v. Jackson, 542 U.S. 649, 652 (2004)(*per curiam*)(citations omitted). See Cullen v. Pinholster, __ U.S. __, 131 S.Ct. 1388 (2011)(federal habeas "review under § 2254(d)(1) is limited to the record that was before the state court that adjudicated the claim on the merits").

3

III. Analysis

Petitioner contends that the state trial court violated his Sixth and Fourteenth Amendment rights when it refused to excuse a prospective juror for cause after the juror stated that he would not consider the full range of punishment under state law. Petitioner's claim is based on an exchange that occurred during *voir dire* between Petitioner's defense attorney and prospective juror Horn regarding the punishment range for the offense provided by state law. In response to a question whether Mr. Horn could consider the minimum statutory punishment for someone he found guilty beyond a reasonable doubt of raping a child, Mr. Horn responded that he would "give it the maximum if he raped a child." (TR volume 1, at 133-134. When asked again whether he could "consider the minimum," Mr. Horn responded "[p]robably not" and "[n]o." (TR volume 1, at 134).

Petitioner's defense attorney challenged Mr. Horn for cause because "he said he could not consider the minimum punishment for rape of a child," and the trial court refused to dismiss Mr. Horn for cause. (TR volume 1, at 142). Petitioner's defense attorney then exercised a peremptory challenge to remove Mr. Horn from the jury panel. (TR volume 1, at 143). Petitioner's defense attorney's request for an additional peremptory challenge was denied. (TR volume 1, at 143).

In Ross v. Oklahoma, 487 U.S. 81 (1988), the Supreme Court "reject[ed] the notion that the loss of a peremptory challenge constitutes a violation of the right to an impartial jury" because "peremptory challenges are not of constitutional dimension." Id. at 88. Thus, "[s]o long as the jury that sits is impartial, the fact that the defendant had to use a peremptory

4

challenge to achieve that result does not mean that the Sixth Amendment was violated." Id. The Court also rejected the petitioner's claim that requiring him to use a peremptory challenge to remove a potentially biased juror violated his Fifth Amendment due process rights "by arbitrarily depriving him of the full complement of nine peremptory challenges allowed under Oklahoma law." Id. at 88-89. The Court explained that "[b]ecause peremptory challenges are a creature of statute and are not required by the Constitution," the state-created right is impaired only if the defendant does not receive the peremptory challenges allowed by law. Id. at 89. Where, as in Ross, the defendant exercises one of the allowed peremptory challenges to remove a juror and thereby rectifies the trial court's error in not dismissing the juror for cause, no due process violation occurs. Id. at 90-91.

In United States v. Martinez-Salazar, 528 U.S. 304 (2000), the United States Supreme Court considered the issue of whether in federal jury selection the erroneous refusal of a trial judge to dismiss a prospective juror for cause, followed by a defendant's exercise of a peremptory challenge to remove that prospective juror, violates the due process rights of the defendant when the defendant then exhausts his allowed peremptory challenges.

In that case, the prospective juror indicated on a written questionnaire that he would favor the prosecution, and there was no dispute that the trial court abused its discretion by refusing to dismiss the prospective juror for cause. The Ninth Circuit had held that the error violated the Fifth Amendment due process rights of the defendant because the error forced the defendant to use a peremptory challenge curatively, which impaired his right to the full complement of peremptory challenges allowed by federal law. Id. at 309-310.

5

The Supreme Court reversed the Ninth Circuit's decision, noting that peremptory challenges are "auxiliary" and "not of federal constitutional dimension." Id. at 311. The Court held that "if the defendant elects to cure such an error by exercising a peremptory challenge, and is subsequently convicted by a jury on which no biased juror sat, he has not been deprived of any rule-based or constitutional right." Id. at 307.

In Petitioner's case, as in Ross and Martinez-Salazar, Petitioner exercised one of his peremptory challenges allowed under Oklahoma law to challenge prospective juror Horn after the trial court refused to dismiss Mr. Horn for cause. The OCCA found that the trial court did not abuse its discretion by refusing to dismiss Mr. Horn for cause because Oklahoma law does not require a prospective juror in *voir dire* to consider ever possible punishment that might be imposed in a non-capital case. In reaching its decision, the OCCA did not address a constitutional issue at all and relied entirely on state law.

In his brief in support of the Petition, Petitioner merely concludes, without benefit of legal support, that the trial court erred in refusing to dismiss Mr. Horn for cause and goes on to argue that a juror who remained on the jury panel was unacceptable and biased against Petitioner, based on her *voir dire* responses. Petitioner has not even argued that the OCCA's decision is contrary to or an unreasonable application of clearly-established Supreme Court precedent.

Respondent correctly argues that Petitioner has alleged nothing more than a state court error that does not entitle him to federal habeas relief. The Supreme Court has "repeatedly held that a state court's interpretation of state law, including one announced on direct appeal

of the challenged conviction, binds a federal court sitting in habeas corpus." Bradshaw v. Richey, 546 U.S. 74, 76 (2005)(citing Estelle v. McQuire, 502 U.S. 62, 67-68 (1991), and Mullaney v. Wilbur, 421 U.S. 684, 691 (1975)). See House v. Hatch, 527 F.3d 1010, 1028 (10th Cir. 2008)("A state court's interpretation of its own law is binding on a federal court conducting habeas review.").

"[T]he question of challenge for bias is a 'factual issue' covered by [28 U.S.C. §2254(d)]." Wainwright v. Witt, 469 U.S. 412, 430 (1985). Petitioner has not overcome with clear and convincing evidence the presumption of correctness attached to the trial court's and the OCCA's findings of no basis for removal of Mr. Horn for cause.

Even if Petitioner could demonstrate that the trial court's failure to dismiss Mr. Horn for cause was an abuse of the court's discretion, Petitioner has not shown that the jury panel that actually sat during his trial was other than impartial, as required to demonstrate either a Sixth Amendment or a Fifth Amendment due process violation under Ross and Martinez-Salazar.

Juror Gist, the juror that Petitioner points to as having "harbored actual bias" against Petitioner, provided responses to questioning during *voir dire* that did not indicate any bias whatsoever. (See TR volume 1, at 55-57, 110, 113). She stated that she had been the victim of a sexual offense as a teen-ager but that the experience would not impact her ability to be fair and impartial. (TR 55-57). She stated that she knew a witness who was a state Department of Human Services employee, but no follow-up questions were asked of her. (TR 113). She stated she would have to listen carefully and make a decision on what she heard.

(TR 110). None of her responses indicated bias against Petitioner, either actual or implied. Hence, Petitioner has not demonstrated the OCCA's decision was contrary to or an unreasonable application of established Supreme Court precedent, and he is not entitled to federal habeas relief.

## RECOMMENDATION

Based on the foregoing findings, it is recommended that the Petition for a Writ of Habeas Corpus pursuant to 28 U.S.C. § 2254 be DENIED. The parties are advised of their respective right to file an objection to this Report and Recommendation with the Clerk of this Court by  January 7th , 2014, in accordance with 28 U.S.C. § 636 and Fed. R. Civ. P. 72. The failure to timely object to this Report and Recommendation would waive appellate review of the recommended ruling. Moore v. United States of America, 950 F.2d 656 (10th Cir. 1991); cf. Marshall v. Chater, 75 F.3d 1421, 1426 (10th Cir. 1996)("Issues raised for the first time in objections to the magistrate judge's recommendations are deemed waived.").

This Report and Recommendation disposes of all issues referred to the undersigned Magistrate Judge in the captioned matter, and any pending motion not specifically addressed herein is denied.

ENTERED this   18th   day of   December  , 2013.

*[signature]*
GARY M. PURCELL
UNITED STATES MAGISTRATE JUDGE